# CIRCUIT COURT OF FRANKLIN COUNTY

Commonwealth of Virginia

v.

Hubbard Duling

February 14, 1937

BY JUDGE J. LINDSAY ALMOND, JR.

The situation here presented is, as far as I know, one of novel impression in the annals of Virginia jurisprudence.

Mr. J. B. Allman, a practicing attorney at this bar, has been employed by the widow of a man allegedly murdered to assist in the prosecution of certain persons who have been indicted in this court for the alleged murder. Nothing has been said before me which impugns the *bona fides* of his employment or that reflects upon his professional qualifications or demeanor.

Mr. C. C. Lee is the duly elected and qualified Commonwealth's Attorney of Franklin County. For reasons assigned at bar, he objects to Mr. Allman's being associated with him in the prosecution of these cases. He states that there are other reasons which he feels might operate to prejudice the Commonwealth's case if disclosed at this time. It further appears that Mr. Allman accepted employment without consulting the Commonwealth's Attorney.

The sole question here presented is this, can an attorney employed by private interests assist in the conduct of a criminal prosecution over the objection of the Commonwealth's Attorney.

A prosecuting attorney is a public officer representing the sovereignty of the Commonwealth of Virginia. All felony prosecutions emanate from the authority of the Commonwealth and must be conducted by and in the name of the Commonwealth.

The Commonwealth's Attorney represents the public and is invested with the duty and charged with the responsibility of prosecuting all offenders. Special counsel employed by private persons may be allowed to assist, but they merely take part by the courtesy of the officer whose duties require him to represent the State and who is responsible for the conduct of the case as an official and non-delegable function.

The Commonwealth's Attorney should never occupy the role of a private prosecutor or be dominated or influenced by private class or factional interests. His inherent duty is to guard and promote the real interests of public justice fairly and impartially. His conduct of a criminal case should be unaffected and uncolored by the feelings of individuals who have sustained losses of any character, however grievous, by reason of the acts or conduct of others forming the basis of the prosecution.

Where the Commonwealth's Attorney is performing and is capable of performing the functions of his office and is not otherwise disqualified to act, neither the court nor any other agency of government has any right to thrust assistance upon him without his consent, then, *a fortiori*, no individual possesses the semblance of such a right.

It frequently happens that interested citizens employ counsel to assist in the prosecution of a criminal case, but members of the bar should know, irrespective of any custom to the contrary, and so inform their clients, that such proffered assistance is always contingent upon its acceptance by the public prosecutor. The Commonwealth's Attorney may decline the acceptance of such assistance with or without reason therefor or he may accept it from one source and decline it from another.

To lay down any other rule would be to establish a dangerous precedent, in that it would abridge the discretionary functions of a constitutional officer, encumber the officer in the performance of his duties, restrict the scope of his inherent authority, destroy the essentials of harmony and cooperation in the investigation and presentation of essential facts, and tend to decimate the public character of a criminal prosecution in derogation of the public interest.